IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECCA WATSON *on behalf of*                                       PLAINTIFF
*N.O.K.F.*

               v.                            NO. 2:18-CV-2007

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rebecca Watson, on behalf of minor child, N.O.K.F., brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for child's insurance benefits under the Social Security Act. (Doc. 6). The Defendant filed an unopposed motion and brief in support requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 17, 18).

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence appropriate.

Based on the foregoing, the Court finds remand appropriate and grants the Commissioner's unopposed motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

Moreover, pursuant to the CM/ECF Policies and Procedures Manual adopted by this court, attorneys should not include sensitive information in any document filed with the Court unless such inclusion is necessary and relevant to the case. See CM/ECF Policies and Procedures Manual for Civil Filings, at www.arwd.uscourts.gov. This "sensitive information" includes the names of minor children, which should be redacted to the initials to protect the privacy of the minor. The Clerk is hereby directed to change the docket to reflect only the minor child's initials.

DATED this 8th day of June, 2018.

        /s/ *Erin L. Wiedemann*
        HON. ERIN L. WIEDEMANN
        UNITED STATES MAGISTRATE JUDGE